IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:15cr265

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | PRELIMINARY |
| v. ) | ORDER OF FORFEITURE |
| ) | |
| KENWANIEE VONTORIAN TATE ) | |

THIS MATTER is before the Court on the United States of America's Motion, pursuant to 18 U.S.C. § 1594(d)(1) and Fed. R. Crim. P. 32.2(b), for a Preliminary Order of Forfeiture, (Doc. No. 50), for the following phones involved in the sex trafficking violation set forth in Count One:

- One ZTE cellular telephone, serial number 9B0428511440, seized during the course of the investigation;

- One ZTE cellular telephone, serial number 864507022279037, seized during the course of the investigation.

For good cause shown and based on the preponderance of the evidence, this Court will GRANT the Motion. In support of granting the Motion, the Court FINDS AS FOLLOWS:

Title 18 U.S.C. § 1594(d)(1) and Fed. R. Crim. P. 32.2(b)(1) provide for preliminary forfeiture of property involved in, used, or intended to be used to commit or to facilitate the commission of a violation of 18 U.S.C. § 1591. Forfeiture is appropriate upon a court finding of a nexus, or connection, between the property and the violations. Fed. R. Crim. P. 32.2(b)(1)(A). The finding may be based on evidence already in the record and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). The burden of proof on forfeiture is preponderance of the evidence.

1

*See, e.g., United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003). Here, the preponderance standard is easily satisfied since the Grand Jury found probable cause for forfeiture of the phones, the trial record addressed the use of the phones in the crimes, the Jury returned a Verdict of guilty on Count One, and the sentencing record addresses the phones.

IT IS, THEREFORE ORDERED, THAT

Based upon Defendant's conviction on Count One, the Grand Jury finding of probable cause, the trial evidence, the Verdict, and the sentencing record, the United States is authorized to take and maintain possession of the following property belonging to Defendant, and the property is hereby forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

- One ZTE cellular telephone, serial number 9B0428511440, seized during the course of the investigation;

- One ZTE cellular telephone, serial number 864507022279037, seized during the course of the investigation.

Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any

additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

       3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture.  If no third parties file timely petitions, this Order shall become final by operation of law.

       SO ORDERED.

Signed: January 25, 2017

_____
Robert J. Conrad, Jr.
United States District Judge