UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00146-RJC
(3:15-cr-00265-RJC-DCK-1)

| | |
|---|---|
| KENWANIEE VONTORIAN TATE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.    BACKGROUND**

Between September 2014 and February 2015, Petitioner Kenwaniee Tate ("Petitioner") required M.W., a 15-year-old runaway, to have sex with customers in exchange for money that M.W. was required to turn over to Petitioner. [CR Doc. 70 at 159-61, 166, 177: Trial Tr.]. At the time, Petitioner was 38-years old and a convicted sex offender. [CR Doc. 46 at 2 & ¶¶ 63, 83]. If M.W. made Petitioner "mad" or "[didn't] do something right," Petitioner would slap or punch her, pull her hair, throw her on the ground, or "put [her] head into the wall." [CR Doc. 70 at 178-79]. Petitioner required M.W. to stay in the rooms he rented, and she had to ask him to get food, personal products, or clothing. [Id. at 166-67]. After an investigation, police arrested Petitioner.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00146-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:15-cr-00265-RJC-DCK-1.

He admitted that he was M.W.'s pimp and that he had learned M.W.'s age the day after she turned 16. [Id. at 82; CR Doc. 71 at 336-38]. Petitioner claimed to be "helping" M.W. by prostituting her and helping her make money. [Id. at 82; CR Doc. 71 at 340].

Petitioner was charged in a Bill of Indictment with one count of sex trafficking a minor child in violation of 18 U.S.C. § 1591(a)(1), (b)(1), and (b)(2) (Count One) and one count of committing a felony offense involving a minor while being required to register as a sex offender in violation of 18 U.S.C. § 2260A (Count Two). [CR Doc. 1 at 1-2: Bill of Indictment]. Petitioner proceeded to trial, where M.W. and the investigating officers testified. [See CR Docs. 70, 71]. The jury convicted Petitioner on both counts. [CR Doc. 39: Jury Verdict].

Petitioner was sentenced on January 23, 2017. Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 46: PSR]. The probation officer noted that the guidelines advised a sentence of 360 months to life in prison for the sex-trafficking offense and a mandatory minimum consecutive sentence of ten years for Count Two. [CR Doc. 46 at ¶¶ 134-36]. In keeping with the PSR, the Court sentenced Petitioner to a term of imprisonment of 360 months on Count One, follow by a mandatory consecutive term of 120 months on Count Two, for a total term of imprisonment of 480 months. [CR Doc. 58 at 2: Judgment]. Petitioner appealed, challenging the sufficiency of the evidence for his conviction under § 1591, the jury instructions regarding consent, and the procedural reasonableness of his sentence. United States v. Tate, 708 Fed. App'x 122, 123-24 (4th Cir. 2018). The Fourth Circuit affirmed his conviction and sentence. Id. at 124.

On March 25, 2019, Petitioner filed the instant § 2255 motion, asserting ineffective assistance of trial and appellate counsel. [CV Doc. 1]. After the Court ordered Petitioner to file a copy of his motion signed under penalty of perjury and to explain why his motion should not be

dismissed as untimely[2] [CV Doc. 4], Plaintiff filed an amended motion to vacate, raising for the first time his claims of prosecutorial and judicial misconduct, and also reasserting claims of ineffective assistance claims from his original motion. [CV Doc. 5]. In his amended motion, Plaintiff claims he received ineffective assistance of counsel (1) "when counsel failed to call key witnesses to the stand to testify in movants [*sic*] defense," (2) where his "trial attorney failed to request the court to dismiss the indictment based on a violation of [his] Fifth and Tenth Amendment rights;" and (3) "when [his] appellate counsel didn't argue that the trial judge abused [his] discretion." [CV Doc. 1 at 5, 7; CV Doc. 5 at 4]. In his amended motion, Plaintiff also asserts "prosecutorial and judicial misconduct" in that the "trial judge abused his discretion when he did not grant a continuance to allow for the arrival of key witnesses." [CV Doc. 5 at 5].

After conducting initial review of the amended motion, the Court ordered the Government to respond. [CV Doc. 6]. The Government responded and Petitioner replied. [CV Docs. 7, 8]. In his reply brief, which was filed on September 24, 2019, Petitioner presented, for the first time, facts he contends support his claims of ineffective assistance based on his counsel's failure to call "key witnesses" at trial, as well as his claims of ineffective assistance by his appellate attorney and of the violation of "[his] Tenth Amendment Right not to be subjected to an infringement of [his] sovereign state's rights" by "turn[ing] a local misdemeanor into a federal felony." [See CV Doc. 8 at 3-18]. Petitioner, however, never moved to amend his motion to vacate to include more than bare assertions of violations of his constitutional rights.

This matter is now ripe for adjudication.

---

[2] The Court notes, on further review, that Plaintiff's original motion to vacate was timely filed and the Court's order requiring Plaintiff to explain its timeliness was in error. [See CV Doc. 4].

3

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v.

4

Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

### 1.    Failure Seek Dismissal of Indictment

Plaintiff claims his trial counsel was ineffective for his counsel's failure to seek dismissal of the Indictment "based on a violation of [Plaintiff's] Fifth and Tenth Amendment rights." [CV Doc. 1 at 7]. As noted, Petitioner alleges no facts supporting this or any of his claims until his reply brief.[3] [See CV Doc. 8].

#### a.    Fifth Amendment

The Fifth Amendment to the U.S. Constitution provides, "No person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a Grand Jury…. Nor be deprived of life, liberty, or property, without due process of law…." U.S. Const. amend. V. Petitioner implicates only the due process clause of the Fifth Amendment in his argument, not the clause requiring indictment by a grand jury to try a criminal defendant for a felony. Namely, he claims that, "[his] Fifth Amendment Right to due process was violated because 'mens rea' was non-existent in [his] case." [Id. at 16-17]. Petitioner continues, "it was absurd for the government to charge me with Sex Trafficking of a minor by force, fraud, or coercion, and even more ludicrous for a jury to find me guilty. All of this proves that there was no criminal intent to federally sex traffick [*sic*] a minor by me." [Id. at 17]. Petitioner, however, does not explain how he believes

---

[3] Pursuant to Rule 2(b) of the Rules Governing Section 2255 Proceedings, a movant must "state the facts supporting each ground" for relief in the motion seeking relief under § 2255. Rules Governing Section 2255 Proceedings, Rule 2(b)(2). "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013). See also Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (noting "conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief"). Because Petitioner presents nothing more than vague, conclusory assertions in his original and amended motions to vacate, the Court need not address the merits of his arguments as presented in his reply brief. The Court, however, for the sake of a complete record opts to address them.

5

his due process rights were violated. Rather, it seems Petitioner challenges the sufficiency of the evidence at trial to support a finding that Petitioner had the requisite mens rea to support his conviction under 18 U.S.C. § 1591. The Fourth Circuit has already found that sufficient evidence supported the jury's verdict on direct review and it cannot be revisited here.

Petitioner, therefore, has failed to show deficient performance or prejudice on this claim and it will be dismissed. See Strickland, 466 U.S. at 687-88, 694.

### b. Tenth Amendment

The Tenth Amendment provides, "The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people." U.S. Const. amend. X. Petitioner claims, in his reply brief, that his rights under the Tenth Amendment were violated because "this was a matter for the State of North Carolina, not the U.S. government." [Id. at 18]. Petitioner argues, "[i]f anything, I should have been charged with a misdemeanor pandering charge in the State of North Carolina," since M.W. was 16-years old and "knowingly and voluntarily" engaged "in the illegal act of prostituting." [Id.]. At most, as M.W.'s pimp, Petitioner argues he was "guilty of violating North Carolina's pandering law." [Id.]. Again, Petitioner's claim takes issue with the evidence supporting his conviction under 18 U.S.C. § 1591. The jury found Petitioner guilty of this offense and the Fourth Circuit held that the evidence was sufficient to support Petitioner's conviction on direct appeal. Petitioner's allegations fail to implicate the propriety of the Indictment in this case. As such, Petitioner has not shown deficient performance or prejudice for his attorney's alleged failure to move to dismiss it. See Strickland, 466 U.S. at 687-88, 694.

## 2. Uncalled Witnesses at Trial

Complaints of ineffective assistance based on uncalled witnesses are disfavored because the presentation of witness testimony is a matter of strategy and the nature of such testimony is speculative. Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985). To demonstrate prejudice based on a claim of uncalled witnesses, a petitioner "must show not only that this testimony would have been favorable, but also that the witness would have testified at trial." Id. A defendant claiming ineffective assistance of counsel based on an uncalled witness should make a proffer of testimony from the uncalled witness. Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990).

Again, Petitioner provides no factual support for his claim, including no proffer of witness testimony, until his reply brief. There, Petitioner contends that his counsel was ineffective for failing to call M.W.'s father and grandmother as witnesses on Petitioner's behalf. [CV Doc. 8 at 3-7]. Petitioner claims their testimony "would have undermine the outcome in the confidence of [Petitioner's] trial." [Id. at 7]. Petitioner asserts that Petitioner's grandmother would have testified that M.W. could have lived with her and, therefore, "there was no force, fraud, or coercion associated with [Petitioner's] relationship to M.W." [Id. at 4]. Petitioner also claims that these witnesses would have testified that M.W. wanted to live with Petitioner and that M.W.'s father believed they "had a boyfriend-girlfriend relationship." [Id. at 6]. Finally, Petitioner contends that their testimony would "have caused a reasonable jurist to doubt whether or not [Petitioner] knew or recklessly disregarded M.W.'s age." [Id. at 7].

Even assuming the witnesses would have testified as provided by Petitioner, there is no reasonable probability that the purported testimony would have changed the outcome of the trial. See Strickland, 466 U.S. at 694. Here, the jury was instructed, in pertinent part, as follows:

> You may find the defendant guilty of the offense if you find beyond
> a reasonable doubt that he committed one or more of the means of

7

> violating [18 U.S.C. § 1591]. Thus, where the indictment uses the term "and," you may consider it as "or," unless I specifically instruct you differently.
>
> For you to find the defendant guilty of this crime, you must find beyond a reasonable doubt that on or about the dates alleged within the Western District of North Carolina.
>
> 1. The defendant knowingly, recruited, enticed harbored, transported, provided, obtained, or maintained by any means, the person named in the indictment, that is, M.W.
>
> 2. The defendant did so knowing or in reckless disregard of the fact:
>
>> A. That means of force, threats of force, coercion, or any combination of such means, would be used to cause the person to engage in a commercial sex act; **or**
>>
>> B. That the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and
>
> 3. That the defendant's acts were in or affected interstate commerce.

[CR Doc. 71 at 150-51 (emphasis added)]. As such, the jury could have convicted Petitioner based either on his use of force or coercion to cause M.W. to engage in a commercial sex act or on his knowing or reckless disregard of her age. Any testimony by M.W.'s father or grandmother on Petitioner's behalf, the possibility of which is suspect in its own right, that M.W. could have stayed with her grandmother does not negate the facts supporting Petitioner's conviction under this provision. The question was not whether Petitioner had some other possible place to stay, but rather whether Petitioner harbored or maintain M.W. knowing that force, threats of force, or coercion would be used to cause her to engage in a commercial sex act. The proffered testimony of these purported witnesses would not have sufficiently refuted or otherwise called into question the evidence at trial that supported Petitioner's conviction.

8

Further, the Court may grant relief under the second prong of Strickland only if the "results of the proceeding was fundamentally unfair or unreliable." Id, at 369. There has been no such showing here. Plaintiff, therefore, has failed to show ineffective assistance based on his counsel's failure to call these two witnesses at trial and this claim will be dismissed.

### 3. Appellate Counsel

Courts should ordinarily find ineffective assistance of counsel for failure to raise claims on appeal only when "ignored issues are clearly stronger than those presented." Smith v. Robbins, 528 U.S. 288 (2000) (internal citation and quotation omitted). Appellate counsel is not required to assert all non-frivolous issues on appeal. Griffin v. Aiken, 775 F.2d 1226, 1235 (4th Cir. 1985). Rather, "it is the hallmark of effective appellate advocacy" to winnow out weaker arguments and to focus on more promising issues. Smith v. Murray, 477 U.S. 527, 536 (1986). Thus, "[a] decision with respect to an appeal is entitled to the same presumption that protects sound trial strategy." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Additionally, the petitioner still bears the burden of showing that there is a reasonable probability that but for counsel's failure to raise an issue on appeal, the result of the proceeding would have been different; i.e., that he would have prevailed on appeal. See Robbins, 528 U.S. at 285-86.

Petitioner claims that his "right to effective assistance of counsel was violated when [his] appellate attorney didn't argue that the trial judge abused discretion." [CV Doc. 1 at 5]. In his reply brief, for the first time, Petitioner elaborates that the "trial judge abused his discretion when he didn't grant [him] a three[-]hour continuance to await the arrival of three key defense witnesses" from Minnesota. [CV Doc. 8 at 8, 9-14]. The witnesses included Petitioner's sister, Mizzy Tate, and two law enforcement officers who had questioned M.W. while she was in Minnesota with Petitioner. [CR Doc. 71 at 113, 115-16; see CV Doc. 8 at 10-11].

9

Before proceeding with the trial without the witnesses, the Court directed defense counsel to proffer their expected testimony. [CR Doc. 71 at 116]. After the proffer, the Court noted, "[i]t seems like 90 percent of what you proffered is already in evidence." Defense counsel acknowledged "that some of [the evidence] could be cumulative" and that M.W.'s "testimony basically did admit it." [Id. at 117]. Counsel further explained that he "had thought about it over lunch break" and it seems "that [M.W.] had pretty much admitted much of what they would say." He also stated that, "[i]mportantly we got our exhibits in that were supposed to come in from Kizzy Tate," which "was the main reason for bring[ing] Kizzy Tate was to put the photos in." [Id.]. In deciding to proceed without these witnesses, the Court noted, in part, that "the proffered testimony is cumulative of evidence already before this jury in almost all respects." [Id. at 118].

Petitioner contends that his appellate attorney's failure "to argue this obvious abuse of discretion on direct appeal" constituted "a deficient performance that prejudiced [his] defense because it is a good possibility that this argument would have resulted in a 'reverse and remand' on direct appeal." [Id. at 15-16].

Petitioner has failed to show deficient performance or prejudice. Petitioner's appellate attorney raised three issues on appeal, two of which were to be reviewed de novo and one for abuse of discretion. See Tate, 708 Fed. App'x 122. To the extent there existed any legitimate argument that this Court abused its discretion in failing to wait for Petitioner's witnesses, Petitioner has failed to show that this argument was "clearly stronger" than those that were, in fact, presented on appeal. See Robbins, 528 U.S. at 288. As such, Petitioner has not shown deficient performance by his appellate attorney.

As to prejudice, other than his unsupported assertion that there was "a good possibility" of a successful appeal on this issue, Petitioner fails to show prejudice. To be sure, a "good possibility"

10

is not a "reasonable probability." In any event, the trial record itself, including counsel's own admissions, demonstrates that Petitioner did not suffer prejudice as a result of these witnesses not testifying at trial. Their testimony was cumulative of evidence already before the jury, evidence that the Fourth Circuit determined was sufficient to support Petitioner's convictions. This factor of course also informed the Court's determination to proceed without these witnesses in the first place.

As such, because Petitioner has not shown deficient performance or prejudice, his claim of ineffective assistance of counsel on appeal will be denied. See Robbins, 518 U.S. at 285-86.

### B. Prosecutorial and Judicial Misconduct

In Petitioner's amended motion to vacate, signed on May 31, 2019, he asserts for the first time a claim of "prosecutorial and judicial misconduct." [CV Doc. 5 at 5]. In support of this claim he asserts that this Court abused its discretion by not granting a continuance "to allow for the arrival of key witnesses." [Id.]. Petitioner does not explain the basis for his bare claim of prosecutorial misconduct, either in the amended motion or in his reply brief.

Section 2255 provides for a one-year period of limitation. 28 U.S.C. § 2255(f). Absent three exceptions, this period generally begins to run from "the date on which the judgment of conviction became final." 28 U.S.C. § 2255(f)(1)-(4). Here, the one-year limitations period expired on April 10, 2019, one year after the 90-day period for petitioning the Supreme Court for a writ of certiorari expired following the Fourth Circuit's decision on Petitioner's appeal. See 28 U.S.C. § 2255(f); Clay v. United States, 537 U.S. 522, 532 (2003). As such, because it was filed more than one year after the expiration of the 90-day period, the new claims alleged in Petitioner's amended motion must relate back to the claims in his original motion.

11

Section 2255 claims relate back to the date of the original pleading only when the claim arises "out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); see Mayle v. Felix, 545 U.S. 644, 661-62, 125 S. Ct. 2562 (2005). "An amended habeas petition … does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those" set forth in the original pleading. Mayle, 545 U.S. at 650.

Here, in Petitioner's original motion to vacate, he asserted claims based on ineffective assistance of counsel at trial and on appeal. [See CV Doc. 1]. He asserted no claims of prosecutorial or judicial misconduct. While it can be said that the Court's alleged abuse of discretion by not allowing a continuance was the underlying circumstance from which Petitioner's claim of ineffective assistance on appeal was founded, these two claims address facts that differ in time and type, that is, what actions counsel took on appeal versus what the Court decided on a request for continuance at trial. As such, the amended motion to vacate does not relate back to the original motion as to the claims of judicial or prosecutorial misconduct. Because he did not raise them until May 31, 2019, well over a month after the limitations period expired, they are untimely. They will, therefore, be dismissed.[4]

The Court also notes that no evidentiary hearing is necessary in this case because the parties' submissions conclusively show that Petitioner is not entitled to relief. See Raines v. United States, 423 F.2d 526, 531 (4th Cir. 1970).

### C. Appointment of Counsel

In his amended motion, Plaintiff also requests "adequate counsel" to represent him at a "new trial." [CV Doc. 5]. In § 2255 actions, appointment of counsel is governed by the Rules

---

[4] These claims would also be subject to dismissal as vague and conclusory, see United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013), and for lacking merit, in any event.

Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. Id. Moreover, there is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The Court may appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). In addition to being moot, Petitioner has not stated adequate grounds for this request, and it will be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition and denies Petitioner's request for counsel.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 18, 2020

Robert J. Conrad, Jr.
United States District Judge