IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-CR-00265-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KENWANIEE VONTORIAN TATE | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, (Doc. No. 78), and the government's response, (Doc. No. 81).

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of the Bureau of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on the inmate's behalf; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the facility, whichever is earlier. See United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020) (defendants may seek relief directly from courts "so long as they first apply to the BOP."). As the movant, the defendant bears the burden of proving his suitability for a § 3582 sentence reduction. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

Here, the defendant asserts, but has not provided any evidence, that the warden did not respond within 30 days of his request. (Doc. No. 78: Motion at 1-2). The government, however, has shown the defendant did not seek compassionate release at his institution, (Doc. No. 81-6), and opposes relief on the basis of his failure to exhaust administrative remedies, (Doc. No. 81: Response at 13-14). Therefore, the Court is without authority to consider the merits of his claim. <u>United States v. Raia</u>, 954 F.3d 594, 595 (3d Cir. 2020).

**IT IS, THEREFORE, ORDERED** that the defendant's motion for compassionate release, (Doc. No. 78), is **DISMISSED** without prejudice.

The Clerk is directed to certify copies of this Order to the defendant and the United States Attorney.

Signed: January 14, 2021

Robert J. Conrad, Jr.
United States District Judge